**ORIGINAL**



FILED
NOV 09 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'07 CR 2918H

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. |
| Plaintiff, | I N F O R M A T I O N |
| v. | Title 18, U.S.C. Sec. 371 - Conspiracy to Commit Wire Fraud; Title 18, U.S.C. Sec. 981 (A)(1)(C) and Title 28, U.S.C. Sec. 2461(c) - Forfeiture |
| ALEJANDRO LOPEZ (1) EMILIO LOPEZ (2) RAVINDERJIT SINGH SEKHON (3) LINDA VELASQUEZ (4), | |
| Defendants. | |

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

1.    Defendant Alejandro Lopez (Defendant A. Lopez) and his brother, Defendant Emilio Lopez (Defendant E. Lopez), headed, managed, and supervised the "Lopez Team," which consisted of, among

others, real estate agents and loan officers who conducted real estate and loan broker activities, including Defendants Ravinderjit Singh Sekhon (Defendant Sekhon) and Defendant Linda Velasquez (Defendant Velasquez). From in or about November 2002 until in or about November 2004, the Lopez Team worked at the Century 21 Homes First office, located at 904 West San Marcos Boulevard, San Marcos, California. After in or about November 2004, the Lopez Team worked at the Century 21 ElDorado office (ElDorado), located at 295 South Rancho Santa Fe Road, San Marcos, California. The co-owners of ElDorado were Defendant A. Lopez, Defendant E. Lopez, and the two principals of Century 21 Homes First.

2. In addition to acting as real estate agents, the Lopez Team originated and brokered mortgage loans for its clients, obtaining funding from several sub-prime mortgage lenders. The sub-prime lenders offered "stated income" or "no income verification" loans at higher interest rates than conventional loans.

3. Defendant A. Lopez, a California-licensed real estate broker, was the Sales Manager of ElDorado and supervised the day-to-day operations of the Lopez Team. He was the Chief Financial Officer and designated licensed officer of Applied Investments, Inc. and was the President and designated licensed officer of National Award Funding, Inc. The Lopez Team received commissions for its real estate and loan broker activities through payments to Applied Investments, Inc. and National Award Funding, Inc.

4. Defendant E. Lopez, a California-licensed real estate salesman, directed the Lopez Team's marketing efforts and assisted in the supervision of its operations. Defendant E. Lopez was the President of Applied Investments, Inc.

5. Defendant A. Lopez and Defendant E. Lopez hired Defendant Sekhon, who was Defendant A. Lopez's brother-in-law, as a loan officer. Defendant Sekhon helped complete loan applications and assembled loan documentation for Lopez Team clients who sought from the sub-prime lenders financing for home purchases and loan refinances.

6. Defendant A. Lopez and Defendant E. Lopez hired Defendant Velasquez. Defendant Velasquez scheduled appointments, met with Lopez Team clients, discussed with clients their payment options and the use of straw buyers (i.e., third parties to fraudulently act as home buyers and borrowers), and acted as a Spanish language translator for Defendant Sekhon. Defendant Velasquez entered into a database the clients' personal and financial information which Defendant Velasquez and other Lopez Team members obtained verbally and from information forms they had the clients complete.

7. The Lopez Team could access the password-protected database on the Lopez Team website, which resided on a computer server in Florida. The Lopez Team, including Defendant A. Lopez and Defendant Velasquez, used the database to monitor the status of its clients' real estate and loan transactions. Defendant Velasquez often printed client information from the database and provided it to Lopez Team loan officers so they could initiate loans. When Lopez Team members accessed the database from California, they transmitted interstate wire communications.

<u>COUNT 1</u>

[TITLE 18 U.S.C. 371 - CONSPIRACY]

8. Beginning in or about December 2003, and continuing to on or about June 9, 2005, in the Southern District of California, and

elsewhere, Defendants Alejandro Lopez, Emilio Lopez, Ravinderjit Singh Sekhon, and Linda Velasquez, did knowingly conspire with each other and others known and unknown to commit wire fraud, by knowingly devising and intending to devise and carrying out a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and the intentional concealment and omission of material facts, and for the purpose of executing this fraudulent scheme, did knowingly use and cause to be used writings, signs, signals, and sounds to be transmitted by wire in interstate commerce; in violation of Title 18, United States Code, Section 1343.

### Manners and Means

9. To further the conspiracy and effect the objects thereof, the Defendants utilized the following manner and means, among others:

    a. attended events, including swap meets, and advertized in Spanish language newspapers and publications and on Spanish language radio stations to induce low income individuals from Hispanic communities to utilize the Lopez Team's fraudulent real estate and loan broker services.

    b. fraudulently induced financially unqualified clients to disclose personal and financial information knowing that the Lopez Team would later alter the information on loan applications and other documents to meet the lenders' loan requirements.

    c. entered personal and financial data provided by the clients into the Lopez Team database knowing that the Lopez Team would later fraudulently alter the information on loan applications and other documents to meet lenders' loan requirements.

      d.    fraudulently submitted to lenders loan applications that contained inflated incomes for clients and documents that falsely verified the inflated incomes.

      e.    fraudulently submitted to lenders loan applications that contained false employment information which the Lopez Team and others falsely verified in writing and by impersonating employers.

      f.    fraudulently purchased from tax preparers, and submitted to lenders, letters that misrepresented that the clients were business owners and that the tax preparers had prepared the clients' tax returns (CPA letters).

      g.    fraudulently submitted to lenders loan applications that contained inflated bank account balances which the Lopez Team falsely verified with fictitious verifications of deposits.

      h.    fraudulently caused banks to generate false verifications of deposits by depositing Lopez Team members' own personal funds into client bank accounts.

      i.    fraudulently altered and submitted to lenders bank statements that were not for the clients' bank accounts, including bank statements belonging to Defendant Sekhon, Defendant Sekhon's wife, and Defendant Velasquez.

      j.    fraudulently submitted to lenders loan applications and other documents, including false verifications of rent, which contained inflated rent amounts, false rent payment histories, and false lengths of residency for clients.

      k.    fraudulently listed or caused to be listed on documents submitted to, or accessed by lenders, the contact information for Lopez Team members and others, including Defendant Sekhon, Defendant Sekhon's wife, and Defendant Velasquez,

as the clients' landlords to falsely verify fictitious rental information.

    l.   fraudulently used third parties with higher credit scores as straw buyers to purchase homes and obtain loans for financially unqualified clients knowing that the third parties would not occupy the homes and that the loan applications would misrepresent that the homes would be "owner-occupied."

    m.   fraudulently prepared and submitted to lenders fictitious letters (purportedly from creditors), and caused credit agencies to make false entries to clients' credit reports, which falsely bolstered the clients' credit and falsely listed the telephone numbers of Lopez Team members and others, including Defendant Sekhon, Defendant Sekhon's wife, and Defendant Velasquez, as contacts for the creditors.

    n.   fraudulently submitted to lenders loan applications that falsely represented that clients were United States citizens.

    o.   fraudulently submitted to lenders copies of false social security cards which the Lopez Team altered to eliminate the work restriction language.

    p.   fraudulently obtained $1,070,000.00 in loan commissions from the conspiracy.

## OVERT ACTS

10. In furtherance of the conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

    a.   Between in or about February 2004 and November 2004, Defendant A. Lopez temporarily deposited his own money into clients'

1  bank accounts so that banks would issue fraudulent verifications of
2  deposits.
3         b.   On or about July 30, 2004, Defendant Velasquez signed
4  a false name, falsely claimed to be a property manager, and provided
5  her cellular telephone number as a contact number on a fictitious
6  verification of rent form.
7         c.   In or before August 2004, Defendant E. Lopez met with
8  tax preparer A.R. and arranged for A.R. to prepare false CPA letters.
9         d.   On or about August 31, 2004, Defendant E. Lopez
10 temporarily deposited $18,000 of his own money into a bank account
11 to increase a client's bank account balance so that the client could
12 meet a lender's cash requirements.
13        e.   In or about November 2004, Defendant Sekhon altered
14 bank statements belonging to his wife and included them in a client's
15 loan file to qualify the client for a loan.
16        f.   On or about December 6, 2004, Defendant Sekhon
17 temporarily deposited $23,000 of his own money into a client's bank
18 account causing a bank to generate a false verification of deposit.
19        g.   In or about February 2005, Defendant A. Lopez
20 requested Defendant Velasquez to provide copies of her bank
21 statements so that the Lopez Team could alter and use them for a
22 client's loan file.
23        h.   In or about February 2005, at Defendant A. Lopez's
24 direction, Defendant Velasquez provided Defendant Sekhon with a copy
25 of her bank statements so that Defendant Sekhon could use them in a
26 client's loan file.
27
28

1        i.    On or about May 4, 2005, Defendant A. Lopez wrote a check in the amount of $750 to tax preparer A.R. as payment for false CPA letters.

       All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

11. As a result of the commission of the felony offense alleged in Count 1 of this Information, Defendants Alejandro Lopez, Emilio Lopez, Ravinderjit Singh Sekhon, and Linda Velasquez shall forfeit to the United States pursuant to Title 18, United States Code, Section 981 (a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from the proceeds traceable to the commission of the conspiracy of which the defendants are convicted, in the sum of $1,070,000.00 in United States currency, representing the proceeds derived from the conspiracy to commit wire defraud.

12. If any of the above-described property, as a result of any act or omission of the Defendants,

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third person;

     c.    has been placed beyond the jurisdiction of the Court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot been subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of the defendants up to the value of the said property described above as being the subject of forfeiture.

DATED: Oct 18, 2007

KAREN P. HEWITT
United States Attorney

YESMIN E. SAIDE
Assistant United States Attorney

VALERIE H. CHU
Assistant United States Attorney

9